**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

**Date: July 21, 2006**

Courtroom Deputy:  Ginny Kramer
Court Reporter:    Kara Spitler
Probation Officer: Elizabeth Oppenheimer

_____

**Criminal Case No. 04-cr-00354-REB**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Ken Harmon |
|     Plaintiff, | |
| v. | |
| MICHAEL SHIDLER, | Gary Lozow |
|     Defendant. | Daniel Stiles |

_____

**SENTENCING**
_____

**3:29 p.m.    Court in Session:**

The Defendant is present in court (on bond).

Appearances of counsel.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3352 and F.R.Cr.P.32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addenda.

Counsel for the Defendant informs the Court that he has read and discussed the presentence report with the defendant.

Defendant's counsel made a statement on behalf of the defendant, offered information in mitigation of his punishment, and commented on the probation officer's determinations and other matters affecting sentence.

The Defendant is sworn.

Sworn statements to the court by the defendant.

Statements to the court by the government.

The Court has considered all relevant matters of fact and law, including the following:

1. The nature and circumstances of the offense for which the defendant is being sentenced.
2. The history and characteristics of the offender.
3. The authorized sentences under 18 U.S.C. §§ 3551and 3561.
4. The presentence report and addenda.
5. The advisory sentence guidelines.
6. The factors to be considered in imposing sentence pursuant to 18 U.S.C. §§ 3561, 3582(a), and 3553(a)(1)-(7).
7. The position of the government, the defendant, and the probation department.

The Defendant entered a guilty plea on April 21, 2006, to Count 2 of the Indictment.

Court enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**It was ordered as follows:**

**1.** That the plea agreement of the parties as stipulated in Court's Exhibits 1 and 2 is formally approved.

**2.** That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Count Two of the Indictment.

**3.** That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant, is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **Two (2) months**.

**4.** That on release from imprisonment the defendant shall be placed on supervised release for a term of **Three (3) years**; provided furthermore, that within 72 hours of his release from imprisonment and the custody of the Bureau of Prisons, defendant shall report in person to the probation department within the district to which he is released.

**5.** That while on supervised release, the defendant shall comply with all mandatory conditions of supervised release, prescribed by law at 18

U.S.C. §3583(d).

**6.** That while on supervised release, the defendant shall comply with all standard conditions of supervised release in effect throughout this district as imposed by the court.

**7.** That while on supervised release the defendant shall comply with the following explicit or special conditions of supervised release:

- the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where he may be during the term of his supervised release;

- the defendant shall not possess illegally controlled substances;

- the defendant shall not posses or use any firearm or any destructive device as defined under federal law at 18 U.S.C. § 921;

- the defendant shall cooperate in the collection of a sample of his DNA.;

- the defendant shall not engage in the practice of law;

- the defendant shall not appear as an attorney or in any other representational capacity before the Internal Revenue Service, including any administrative or judicial proceedings;

- the defendant shall not engage in the business, occupation, or profession of income tax preparation for third parties unless and on the condition that clients be notified of third-party risks, including the defendant's criminal record and conviction in this case, as directed by the probation department;

- the defendant shall submit to financial monitoring by or at the direction of the probation department;

- the defendant shall not engage in any business activity unless the business activity is conducted by a formal, registered entity such as a corporation, limited liability company, limited liability partnership, sole proprietorship, or general partnership;

- the defendant shall not register any new business entity, foreign or domestic, without the advance written approval of the probation

- department;

- the defendant shall maintain business records for any business activities in which he engages and shall provide all requested documentation to the probation department regarding any of his business activities;

- the defendant shall document all income or compensation generated or received from any source and provide such information to the probation department on request;

- the defendant shall maintain separate personal and business financial records and shall not commingle personal and business funds or income in financial accounts, including but not limited to bank accounts or lines of credit;

- the defendant shall timely file all future business and personal income tax returns during the term of his supervised release as directed by the probation department;

- the defendant shall pay all fines and assessments as ordered by the Court and as directed by the Court or probation department;

- the defendant shall be subject to in-home detention for a term of eight months commencing as directed by the probation department following completion of the term of incarceration ordered by the Court;

- the defendant shall remain at his place of residence, except for his employment, his medical needs, and his religious practices, and other activities approved in advance by the probation department. The defendant shall maintain a telephone at his place of residence without any special services, modems, answering machines, or cordless telephone for the above period. The defendant shall wear an electronic device and shall observe the rules specified by the probation department. The defendant shall pay the cost of electronic monitoring as directed by the probation department;

**8.** That pursuant to the parties' plea agreement, the defendant shall pay a fine in the amount fo $22,000.00, payable during the term of his supervised release at a rate of not less than $150.00 per month; provided furthermore, that interest on the fine is waived.

**9.** That the defendant shall pay forthwith a special victim's fund assessment of $100.00.

**10.** That the mandatory drug-testing provisions of 18 U.S.C. § 3583(d) are waived.

**11.** That presentence confinement shall be determined by the Bureau Prisons under 18 U.S.C. § 3585.

**12.** *The Defendant shall report to the institution designated by the Bureau of Prisons on or before August 21, 2006 by 12:00 p.m..*

The Defendant is advised of his right to appeal the sentence imposed by the Court.

**4:30 p.m.    Court in Recess.**

*Total in court time:   1 hour and 1 minute - Hearing concluded*